## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

BETTER MADE SNACK FOODS, INC.,

     Plaintiff,

v.

IVP HOLDING, LLC d/b/a HOUSE BRANDS DISTRO, a Michigan Limited Liability Company, VINSON BAHRI, an individual, 1864 US-23, LLC d/b/a HIGH SOCIETY 2, a Michigan Limited Liability Company, ZEN REPUBLIC, LLC d/b/a OLSWELL CANNABIS COMPANY and OLSWELL-ADRIAN, a Michigan Limited Liability Company,THE EARLE OF SMOKE II, LLC d/b/a HOUSE OF DANK GRAND RAPIDS, a Michigan Limited Liability Company, DETROIT HERBAL CENTER, LLC d/b/a THE HIGH CLUB, a Michigan Limited Liability Company, ROYAL HIGHNESS, LLC d/b/a HERBOLOGY CANNABIS CO., a Michigan Limited Liability Company, MJC DEVELOPMENT, LLC d/b/a CANNABIS KING, a Michigan Limited Liability Company, CAFIERO FAMILY VENTURES, LLC d/b/a KING OF BUDZ FERNDALE, a Michigan Limited Liability Company, CARMEN SELENA INVESTMENTS, LLC d/b/a KING OF BUDZ FERNDALE, a Michigan Limited Liability Company, ROYAL HIGHNESS PC3 LLC d/b/a FLOWER BOWL RIVER ROUGE, a Michigan Limited Liability Company, GREENCARE PROVISIONING LLC, a Michigan Limited Liability Company, MID VENTURES, LLC d/b/a GREENCARE PROVISIONING CENTER, a Michigan Limited Liability Company, INKSTER MICROBUSINESS LLC d/b/a NAR INKSTER, a Michigan Limited Liability Company, INDICA LLC d/b/a STICKY MUSKEGON, a Michigan Limited Liability Company, LUCKY PABLO, INC. d/b/a LUCKYS CANNABIS COMPANY, a Michigan Limited Liability Company, PURE BUDS, LLC d/b/a QUEST CANNABIS, a Michigan Limited Liability Company, NBT GROUP LLC d/b/a URB CANNABIS, a Michigan Limited Liability Company, PAROM HOLDINGS, LLC d/b/a URB CANNABIS COMPANY, a Michigan Limited Liability Company,

     Defendants.

**Case No.:** 2:24-cv-10783

**Hon.:**

1

## **COMPLAINT**

Plaintiff Better Made Snack Foods, Inc. ("Better Made" or "Plaintiff") brings this Complaint for injunctive relief, monetary damages, and all other appropriate remedies against Defendant IVP Holding, LLC, d/b/a House Brands Distro, Defendant Vinson Bahri, Defendant 1864 US-23, LLC d/b/a High Society 2, Defendant, Zen Republic, LLC d/b/a Olswell Cannabis Company and Olswell-Adrian, Defendant The Earle of Smoke II, LLC d/b/a House of Dank Grand Rapids, Defendant Detroit Herbal Center, LLC d/b/a The High Club, Defendant Royal Highness, LLC d/b/a Herbology Cannabis Co., Defendant MJC Development, LLC d/b/a Cannabis King, Defendant Cafiero Family Ventures, LLC d/b/a King of Budz Ferndale, Defendant Carmen Selena Investments, LLC d/b/a King of Budz Ferndale, Defendant Royal Highness PC3 LLC d/b/a Flower Bowl River Rouge, Defendant Greencare Provisioning LLC, Defenddant Mid Ventures, LLC d/b/a Greencare Provisioning Center, Defendant Inkster Microbusiness LLC d/b/a Nar Inkster, Defendant Indica LLC d/b/a Sticky Muskegon, Defendant Lucky Pablo, Inc. d/b/a Luckys Cannabis Company, Defendant Pure Buds, LLC d/b/a Quest Cannabis, Defendant NBT Group LLC d/b/a Urb Cannabis, Defendant Parom Holdings, LLC d/b/a Urb Cannabis Company (collectively, "Defendants").  Better Made alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for trademark infringement, false designation of origin and unfair competition in violation of Sections 32, 43(a), and 43(d) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a); for trademark infringement in violation of Michigan common law; for trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and for unfair business practices in violation of Michigan state law, MICH. COMP. LAWS § 445.901 *et seq.*  Better Made seeks, among other relief, monetary damages and an order enjoining Defendants from using Better Made's trademarks in Defendants' websites, advertising, packaging and marketing materials.

2.     This action arises out of Defendants' knowing and willful violation of Better Made's rights in its famous and distinctive Better Made trademarks (the "Better Made Marks").  Specifically, Defendants have used and continue to use the Better Made Marks in connection with their packaging, advertising, distribution and sale of cannabis products.

3.     Defendants' unlawful use of the Better Made Marks is likely to cause consumers to believe, erroneously, that Better Made has endorsed Defendants' products, jeopardizing the goodwill and tarnishing the reputation associated with Better Made's Marks.  It threatens to confuse consumers who seek the reliable and dependable products of Better Made to unjustly enrich Defendants.

4.      Defendants' unlawful acts have lessened the capacity of Better Made's famous Marks to identify and distinguish the products Better Made provides under those Marks.  Defendants have diluted the Better Made Marks' distinctive quality.

5.      In addition, on information and belief, Defendants have unjustly profited from their unauthorized use of the Better Made Marks and have made unauthorized commercial use of the Marks in Michigan to their benefit, and to the detriment of Better Made and of consumers, in violation of laws set forth above.

## THE PARTIES

6.      Plaintiff Better Made is a Michigan domestic corporation registered and operating under the laws of Michigan since 1930, with a principal place of business at 10148 Gratiot Avenue, Detroit, Michigan 48213.  Under the Better Made Marks, Better Made manufactures, distributes and sells snack foods and related products.

7.      On information and belief, Defendant IVP Holding, LLC, d/b/a House Brands Distro ("House Brands Distro") is a Michigan domestic limited liability company registered in and operating under the laws of Michigan, with a principal place of business at 231 Enclave Court, Rochester Hills, MI  48306.

8.      On information and belief, Defendant Vinson Bahri is a member of Defendant IVP Holding, LLC, d/b/a House Brands Distro.  On information and belief, Defendant Vinson Bahri can be served at 231 Enclave Court, Rochester Hills, MI  48306.

9.     On information and belief, Defendant 1864 US-23, LLC d/b/a High Society 2 is a Michigan domestic limited liability company registered in and operating under the laws of Michigan, with a principal place of business at 231 Enclave Court, Rochester Hills, MI  48306.

10.     On information and belief, Defendant, Zen Republic, LLC d/b/a Olswell Cannabis Company and Olswell-Adrian is a Michigan domestic limited liability company registered in and operating under the laws of Michigan, with a principal place of business at 1940 28th St. SE, Grand Rapids, MI 49508.

11.     On information and belief, Defendant The Earle of Smoke II, LLC d/b/a House of Dank Grand Rapids is a Michigan domestic limited liability company registered in and operating under the laws of Michigan, with a principal place of business at 3510 E Mall Dr.  SE, Grand Rapids, MI 49546.

12.     On information and belief, Defendant Detroit Herbal Center, LLC d/b/a The High Club is a Michigan domestic limited liability company registered in and operating under the laws of Michigan, with a principal place of business at 14325 Wyoming Ave., Detroit, MI 48238.

13.     On information and belief, Defendant Royal Highness, LLC d/b/a Herbology Cannabis Co. is a Michigan domestic limited liability company registered in and operating under the laws of Michigan, with a principal place of business at 261 Burke St., River Rouge, MI 48218.

14.     On information and belief, Defendant MJC Development, LLC d/b/a Cannabis King is a Michigan domestic limited liability company registered in and operating under the laws of Michigan, with a principal place of business at 3309 Associates Dr, Burton, MI 48529.

15.     On information and belief, Defendant Cafiero Family Ventures, LLC d/b/a King of Budz Ferndale is a Michigan domestic limited liability company registered in and operating under the laws of Michigan, with a principal place of business at 1300 E 9 Mile Rd., Ferndale, MI 48220.

16.     On information and belief, Defendant Carmen Selena Investments, LLC d/b/a King of Budz Ferndale is a Michigan domestic limited liability company registered in and operating under the laws of Michigan, with a principal place of business at 1300 E 9 Mile Rd., Ferndale, MI 48220.

17.     On information and belief, Defendant Royal Highness PC3 LLC d/b/a Flower Bowl River Rouge is a Michigan domestic limited liability company registered in and operating under the laws of Michigan, with a principal place of business at 10196 W. Jefferson Ave., River Rouge, MI 48218.

18.     On information and belief, Defendant Greencare Provisioning LLC is a Michigan domestic limited liability company registered in and operating under the laws of Michigan, with a principal place of business at 10880 W Jefferson Ave., River Rouge, MI 48218.

19.     On information and belief, Defenddant Mid Ventures, LLC d/b/a Greencare Provisioning Center is a Michigan domestic limited liability company registered in and operating under the laws of Michigan, with a principal place of business at 10880 W Jefferson Ave., River Rouge, MI 48218.

20.     On information and belief, Defendant Inkster Microbusiness LLC d/b/a Nar Inkster is a Michigan domestic limited liability company registered in and operating under the laws of Michigan, with a principal place of business at 29899 Michigan Ave., Inkster, MI 48141.

21.     On information and belief, Defendant Indica LLC d/b/a Sticky Muskegon is a Michigan domestic limited liability company registered in and operating under the laws of Michigan, with a principal place of business at 1965 Peck St., Muskegon, MI 49441.

22.     On information and belief, Defendant Lucky Pablo, Inc. d/b/a Luckys Cannabis Company is a Michigan domestic limited liability company registered in and operating under the laws of Michigan, with a principal place of business at 1446 Holton Rd., Muskegon, MI 49445.

23.     On information and belief, Defendant Pure Buds, LLC d/b/a Quest Cannabis is a Michigan domestic limited liability company registered in and operating under the laws of Michigan, with a principal place of business at 8475 Main St., Whitmore Lake, MI 48189.

24.     On information and belief, Defendant NBT Group LLC d/b/a Urb Cannabis is a Michigan domestic limited liability company registered in and operating under the laws of Michigan, with a principal place of business at 14515 Laplaisance Rd., Monroe, MI 48161.

25.     On information and belief, Defendant Parom Holdings, LLC d/b/a Urb Cannabis Company is a Michigan domestic limited liability company registered in and operating under the laws of Michigan, with a principal place of business at 14515 Laplaisance Rd., Monroe, MI 48161.

## JURISDICTION AND VENUE

26.     This Court has jurisdiction over the subject matter of this action under 15 U.S.C. §§ 1116, 1121, and 1125(d) and under 28 U.S.C. §§ 1331, 1337, and 1338 because this case arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*.

27.     This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1338(b) and 1367(a) as well as under general principles of supplemental and pendent jurisdiction.

28.     Defendants are subject to personal jurisdiction within the Eastern District of Michigan because they conduct business in this District.

29.    Venue is proper under 28 U.S.C. § 1391(b) and (c) because Defendants conduct business in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Michigan.

### FACTS ENTITLING BETTER MADE TO RELIEF

**A.    Better Made's Widespread and Substantial Use of Its Registered Better Made Marks**

30.    Since its founding nearly a century ago, Better Made has enjoyed a reputation as a premier producer of snack foods.  That reputation is based largely on the consistent high quality of the products it provides under its Better Made Marks.

31.    Since 1930, Better Made has sold snack food products under the following design mark (the "Design"):



32.    Better Made has invested significant resources—including for advertising campaigns and promotional efforts—to develop and foster the reputation, recognition, and goodwill associated with its products marketed under the Design, the BETTER MADE word marks and other Better Made Marks.

33.     Better Made has used and continues to use the Better Made Marks in interstate commerce to identify its products and services.

34.     As a result, the Better Made Marks have become famous in the United States, including in Michigan, in connection with Better Made's products.

35.     As a result of Better Made's provision of quality products and the continuous advertising, promotion, and sale of products in interstate commerce under the Design and other Better Made Marks, those trademarks have acquired value and fame in the United States.  Specifically, the Better Made Marks are widely recognized by consumers in this District and have acquired enormous goodwill as trademarks identifying high-quality products.  Indeed, the Better Made Marks are distinctive such that consumers recognize that goods marketed under the Better Made Marks originate with, or are approved or endorsed by, Better Made.

36.     Better Made has registered with the United States Patent and Trademark Office ("USPTO") more than 20 trademarks, including Marks that Better Made has used since at least as early as 1930, in connection with snack food products.  The federally registered Better Made Marks that Defendants are violating include:

> (a)     Reg. No. 4,409,770, for this BETTER MADE SPECIAL & Design Mark, for use in connection with potato chips and various other snack foods;



(b)     Reg. No. 6,094,169, for this BETTER MADE SIGNATURE &

Design Mark, for use in connection with popcorn;



(c)     Reg. No. 4,632,082, for this BETTER MADE SPECIAL &

Design Mark, for use in connection with licorice;



(d)     Reg. No, 7,017,022, for this BETTER MADE SPECIAL & Design Mark, for use in connection with potato chips and various other snack foods;



(e)     Reg. No. 1,665,938, for the BETTER MADE word mark, for use in connection with potato chips and various other snack foods; and

(f)     Reg. No. 2,925,327, for the BETTER MADE SPECIAL word mark, for use in connection with potato chips and various other snack foods;

37.     Pursuant to 15 U.S.C. § 1057(b), the registration certificates for the Better Made Marks, including those marks identified above, constitute *prima facie* evidence of the validity of the registered marks and of the registration of the marks, and of Better Made's ownership of the trademarks set forth therein, and of Better Made's exclusive right to use those trademarks in commerce on or in connection with the products specified in the registration certificates.

**B.     Defendants' Unlawful Use of Plaintiff's Better Made Marks**

38.     Better Made has never authorized any of the Defendants to use its Better Made Marks.

39.     Nevertheless, on information and belief, Defendant House Brands Distro knowingly and willfully violated Better Made's rights in its famous and distinctive Better Made Marks by manufacturing, packaging, distributing and selling cannabis products displaying the the words BETTER SMOKE on the following design that is an unmistakable reproduction of the Better Made Design (the "Infringing Mark") after Plaintiff's Better Made Marks became famous:



40.     All Defendants knowingly and willfully violated Better Made's rights in its famous and distinctive Better Made Marks by using the Infringing Mark on cannabis products without Better Made's authorization after Plaintiff's Better Made Marks became famous.

41.     In or around August 2023, Better Made learned that Defendants were advertising cannabis goods under the Infringing Mark.

42.     Defendants have been offering and continue to offer their products using the Infringing Marks.

43.     Defendants use the Infringing Marks to promote their products on, among others, the following websites:

a. Better Smoke - Original- 3.5g | High Society - Birch Run (dutchie.com).

b. Buy Better Smoke Products For Sale - Olswell Cannabis Company

c. Better Smoke The Original 3.5g | House of Dank Recreational Cannabis - Grand Rapids (shophod.com)

d. Better Smoke | Gelatti Prepack | Detroit Herbal Center (dutchie.com)

e. Better Smoke | Herbology - Burke St REC (shophcc.com)

f. Cannabis King | Recreational Menu (cannabiskingmi.com)

g. Cannabis King | Recreational Menu (cannabiskingmi.com)

h. kobferndale.com/shop?dtche%5Bproduct%5D=better-smoke-pink-runtz

i. AU Better Smoke: Italian Ice Prepackaged | The Flower Bowl - River Rouge (dutchie.com)

j. Shop — Greencare Medical & Recreational (shopgreencare.com)

k. Order Now Page - Nar Cannabis

l. REC Better Smoke Italian Ice Prepack 3.5g - Sticky Muskegon (wm.store)

m. Lucky's Cannabis - Recreational Dispensary in Muskegon, MI (luckyscannabis.com)

n. Better Smoke Detroit Sherb | Cloud Cannabis (Ann Arbor)

o. Better Smoke Gastro Pop | Cloud Cannabis (Ann Arbor)

p. Better Smoke | Italian Ice | 3.5g | Quest Cannabis (REC) (questcannabisco.com)

q. Better Smoke | Lemon Cherry Gelato | 3.5g | Quest Cannabis (REC) (questcannabisco.com)

r. Shop the Biggest Rec Marijuana Dispensary in Monroe, MI: URB (shopurbcannabis.com)

44.    On August 15, 2023, Better Made sent a letter by certified mail to the registered business address of House Brands Distro, requesting that House Brands Distro cease use of the Infringing Mark and compel the other Defendants discontinue use of the Infringing Mark.  The same letter was sent by email to multiple email addresses that were, upon information and belief, associated with House Brands Distro and its owner, Defendant Vinson Bahri.

45.    Defendants did not respond, but House Brand Distro did appear to remove the Infringing Mark from its website.  Thereafter, however, it became clear that the infringement had not ceased.

46.    In December of 2023 and January of 2024, Better Made received multiple notifications from customers regarding instances of the Infringing Mark at stores and on advertisements.

47.    On January 23, 2024, Better Made learned that attorney Robert Ihrie had represented Defendant Vinson Bahri on other matters.  Counsel for Better Made reached out to Mr. Ihrie on multiple occasions in January, February and March of 2024.  Despite assurances that the issue would be remedied, Defendants' use of the Infringing Mark has continued.

48.    On information and belief, at the time Defendants' use of the Infringing Mark began and at all times thereafter, Defendants have known, or had reason to

know, of Better Made's rights in the Better Made Marks and have at all times known, or had reason to know, that those marks are famous and valuable.

49.    On information and belief, Defendants knowingly and for profit engaged in use of the Infringing Mark to attract consumers.  Defendants know and have known that their use of the Infringing Mark erroneously conveys that Defendants' business is sponsored or endorsed by, or otherwise associated or affiliated with, Better Made.

50.    Defendants' infringing use of the Infringing Mark has damaged, and will continue to damage, the reputation, recognition, and goodwill associated with the famous and distinctive Better Made Marks.

51.    Defendants' use of the Infringing Mark has lessened, and will continue to lessen, the capacity of Plaintiff's Better Made Marks to identify and distinguish the products provided or endorsed by, or affiliated with, Better Made and thus has diluted the distinctive quality of Plaintiff's Better Made Marks.

52.    Further, on information and belief, Defendants' use of the Infringing Mark has been and continues to be of commercial value to Defendants.

53.    For the foregoing reasons, Defendants' use of the Infringing Mark has caused, and will likely continue to cause, injury to Better Made and to the goodwill and value of its Better Made Marks.

## COUNT I
### Federal Trademark Infringement
### (Lanham Act § 32, 15 U.S.C. § 1114)

54.     Better Made repeats and realleges the allegations set forth in paragraphs 1–53 of this Complaint.

55.     Defendants' adoption and use of the Infringing Mark in commerce and in connection with cannabis products is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of those goods with Better Made, in violation of 15 U.S.C. § 1114.

56.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

57.     As a result of Defendants' infringement, Better Made has suffered damages as well as the continuing loss of goodwill and reputation established by Better Made.  This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Better Made has no adequate remedy at law.  Unless enjoined, Defendants will continue the infringing use, further injuring Better Made and confusing the public.

58.     On information and belief, Defendants have received revenues and profits as a result of their use of the Infringing Mark, to which Defendants are not entitled, and Better Made has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## COUNT II
### Federal False Designation of Origin and Unfair Competition
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

59.    Better Made repeats and realleges the allegations set forth in paragraphs 1–58 of this Complaint.

60.    Defendants have willfully and deliberately attempted to trade on the goodwill and reputation of the Better Made Marks and Plaintiff in connection with their products and services, as well as to confuse consumers as to the origin and sponsorship of Defendants' goods and services, making them seem as those of Better Made.

61.    Defendants' acts deprive Better Made of the ability to control consumer perception of its goods and services offered under its Better Made Marks, placing the valuable goodwill and reputation of Better Made into the hands of Defendants.

62.    Defendants' conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Better Made, and as to the origin, sponsorship, or approval of Defendants' use of the Infringing Mark, in violation of 15 U.S.C. § 1125(a).

63.    Defendants' violation of this statute has caused and will continue to cause irreparable harm to Better Made, for which Better Made has no adequate remedy at law.  Unless enjoined, Defendants will continue to use the Infringing Mark, further injuring Better Made and confusing the public.

64.     On information and belief, Defendants have received revenues and profits as a result of their use of the Infringing Mark, to which Defendants are not entitled, and Better Made has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## COUNT III
## Federal Trademark Dilution
## (Lanham Act § 43(c), 15 U.S.C. § 1125 (c))

65.     Better Made repeats and realleges the allegations set forth in paragraphs in 1–64 of this Complaint.

66.     The Better Made Design and other Better Made Marks (both word marks and designs) are famous and distinctive and are entitled to protection against dilution.

67.     Defendants' use of the Infringing Mark violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), because such use, which commenced after Plaintiff's Better Made Marks became famous, has diluted and continues to dilute the Better Made Marks by impairing the ability of the Better Made Marks to serve as unique identifiers and by tarnishing the goodwill and reputation associated with the Better Made Marks.

68.     The fact that the products on which Defendants have affixed the Infringing Mark are controversial cannabis products that evoke negative associations

among a large portion of consumers exacerbates the tarnishment of Better Made's goodwill.

69.    On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

70.    Defendants' violation of Section 43(c) of the Lanham Act has caused and will continue to cause irreparable damage to Better Made, for which Better Made has no adequate remedy at law.  Unless enjoined, Defendants will continue to use the Infringing Mark, further injuring Better Made and confusing the public.

## COUNT IV
### Unfair Competition and Trademark Infringement
### (Michigan Common Law)

71.    Better Made repeats and realleges the allegations set forth in paragraphs in 1–70 of this Complaint.

72.    Better Made has valid and legal ownership of the Better Made Marks, and Better Made is the senior user of those marks in Michigan.  Better Made has exclusive rights to use the Better Made Marks in Michigan.

73.    Defendants' adoption and unauthorized use of the Infringing Mark in commerce and in connection with cannabis products is likely to cause confusion among consumers as to the affiliation, connection, or association of those goods with Better Made.  Defendants' conduct in palming off its goods offered under the

Infringing Mark as Better Made's goods constitutes unfair competition under Michigan common law.

74.    Defendants' actions and conduct in adopting and using the Infringing Mark in Michigan constitute trademark infringement under Michigan common law.

75.    On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

76.    As a result of Defendants' infringement and unfair competition, Better Made has suffered damages as well as the continuing loss of goodwill and reputation established by Better Made.  This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Better Made has no adequate remedy at law.  Unless enjoined, Defendants will continue to use the Infringing Mark, further injuring Better Made and confusing the public.

77.    On information and belief, Defendants have received revenues and profits as a result of their unfair competition, to which Defendants are not entitled, and Better Made has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## COUNT V
### Michigan Consumer Protection Act
### (MICH. COMP. LAWS § 445.901 *et seq.*)

78.    Better Made repeats and realleges the allegations set forth in paragraphs in 1–77 of this Complaint.

79.     Defendants' adoption and infringing use of the Infringing Mark in commerce, in connection with cannabis products, has caused a probability of confusion or misunderstanding as to whether Defendants' goods are sponsored, approved, or certified by Better Made.

80.     On information and belief, Defendants' continued attempt to trade on the goodwill and reputation of Plaintiff and its Better Made Marks in connection with Defendants' products has been willful, deliberate, and in bad faith.

81.     On information and belief, Defendants have received revenues and profits as a result of their use of the Infringing Mark, to which Defendants are not entitled, and Better Made has also suffered damages as a result of the infringing use, for which Defendants are responsible.

82.     Defendants' violation of Michigan statutory law has caused and will continue to cause irreparable damage to Better Made, for which Better Made has no adequate remedy at law.  Unless enjoined, Defendants will continue the violation, further injuring Better Made and confusing the public.

## COUNT VI
## Michigan Trademark Statute
### (MICH. COMP. LAWS § 429.42 *et seq.*)

83.     Better Made repeats and realleges the allegations set forth in paragraphs in 1–82 of this Complaint.

84.    Defendants' unauthorized use of the Infringing Mark violates Mich. Comp. Laws, § 429.42 *et seq.*, because such actions constitute reproduction, copying, or colorable imitation of the Better Made Marks in an advertisement for goods intended to be sold for profit in the State of Michigan.

85.    On information and belief, Defendants' continued attempt to trade on the goodwill and reputation of the Better Made Marks and Plaintiff in connection with their products has been willful, deliberate, and in bad faith.

86.    On information and belief, Defendants have received revenues and profits as a result of their use of the Infringing Mark, to which Defendants are not entitled, and Better Made has also suffered damages as a result of the infringing use, for which Defendants are responsible.

87.    Defendants' violation of Michigan statutory law has caused and will continue to cause irreparable damage to Better Made, for which Better Made has no adequate remedy at law.  Unless enjoined, Defendants will continue the violation, further injuring Better Made and confusing the public.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff Better Made requests that this Court enter judgment in its favor on all counts of this Complaint and grant Better Made the following relief:

1.    Enjoin and restrain Defendants, their agents, owners, servants, employees, suppliers, distributors, attorneys, and all persons in active concert or participation with any of them, from using without the authorization of Better Made any of Better Made's Marks, logos, and trade names, including the Infringing Mark, the designation "Better Made," "Better Smoke" or any other name, logo, or Mark that is confusingly or deceptively similar to any of Better Made's Marks, logos, designs and trade names, either alone or in conjunction with other words or symbols, as part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, on or in relation to any goods sold or distributed by the Defendants, or in any other manner; and

2.    Require Defendants, pursuant to 15 U.S.C. § 1118 and Michigan law, to destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, internet content, stationery, software, and other items in their possession or control which contain the Infringing Mark or the infringing designation "Better Smoke" or any other term confusingly similar to the Design or "Better Made," either alone or in combination with other words or symbols and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

3.    Require each Defendant to file with the Court and to serve on Better Made, within thirty (30) days after entry of an injunction, a report in writing, under

oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

4.  Require Defendants to pay Better Made for all damages sustained as a result of Defendants' unlawful conduct described above, plus interest thereon, and require, with respect to damages resulting from infringement or dilution of the Better Made Marks or from unfair competition under the Lanham Act, that such damages be trebled pursuant to 15 U.S.C. § 1117;

5.  Require Defendants to account for and pay to Better Made all profits derived by Defendants resulting from their use of the Better Made Marks pursuant to 15 U.S.C. § 1117 and Michigan law;

6.  Award Better Made the costs of this suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and Michigan law;

7.  Award prejudgment interest on all liquidated sums; and

8.  Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**
/s/ *Michael A. Sneyd*
By: Michael A. Sneyd  (P52073)
*Attorneys for Plaintiff, Better Made Snack Foods, Inc..*
500 Woodward Avenue, Suite 2500
Detroit, Michigan  48226
(313)  961-0200
msneyd@kerr-russell.com

Dated:  March 27, 2024