UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTER MADE SNACK FOODS, INC.,                    Case No. 24-10783

       Plaintiff,                                          F. Kay Behm
v.                                                United States District Judge


IVP HOLDINGS LLC, *et al.*,

       Defendants.
_____ /

**OPINION AND ORDER DENYING MOTION
FOR DEFAULT JUDGMENT (ECF No. 33)**

## I.    PROCEDURAL HISTORY

Plaintiff filed a complaint for trademark infringement, false designation of

origin, unfair competition and trademark dilution in violation of the Lanham Act,

along with state law claims against a number of defendants, including Detroit

Herbal, LLC.  (ECF No. 1).  On July 25, 2024, Plaintiff filed a certificate of service

indicating that Detroit Herbal's resident agent was served via "certified registered

restricted mail" on April 9, 2024.  (ECF No. 26).  Plaintiff then requested a clerk's

entry of default (ECF No. 28), which entered on July 25, 2024.  (ECF No. 30).

Plaintiff subsequently filed this motion for default judgment.  (ECF No. 33).  As

explained in more detail below, Detroit Herbal was not properly served with the

summons and complaint and thus, the motion for default judgment must be

**DENIED** and the default **SET ASIDE**.

## II.     ANALYSIS

"Due process requires proper service of process for a court to have

jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell*

*Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) (abrogated on other grounds

by *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022)).  Before default may be entered

against a party, the court must have personal jurisdiction over that party, which

requires that the party has been properly served with the summons and

complaint.  *Broadcast Music, Inc. v. Timbers Bar and Grill of Ludington*, 2019 WL

5697988, *2 (W.D. Mich. June 3, 2019) (citing 10A Charles A. Wright, Arthur R.

Miller, and Mary K. Kane, Federal Practice and Procedure § 2682 (4th ed. 2016)).

Federal Rule of Civil Procedure 4(h) governs service of a "domestic or

foreign corporation, or a partnership or other unincorporated association that is

subject to suit under a common name[.]"  Within a judicial district of the United

States, such organizations must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving
> an individual; or
>
> (B) by delivering a copy of the summons and of the
> complaint to an officer, a managing or general agent, or
> any other agent authorized by appointment or by law to

> receive service of process and—if the agent is one
> authorized by statute and the statute so requires—by
> also mailing a copy of each to the defendant; …

Fed. R. Civ. P. 4(h)(1). Under Rule 4(e)(1), service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under the Michigan Court Rules, service of process on a limited liability company ("LLC") can be made by:

> (1) serving a summons and a copy of the complaint on
> the managing member, the non-member manager, or
> the resident agent;
>
> (2) serving a summons and a copy of the complaint on a
> member or other person in charge of an office or
> business establishment of the limited liability company
> and sending a summons and a copy of the complaint by
> registered mail, addressed to the registered office of the
> limited liability company.

Mich. Ct. R. 2.105(H). Courts within this district have consistently held that service of an LLC via certified or registered mail alone is not sufficient to meet the requirements of Rule 4. *Rock v. Sillman Law Office*, 2024 WL 2925305, *2 (E.D. Mich. June 10, 2024) (citing *Leib v. Nestle' Purina Petcare Co.*, 2023 WL 4494343, at *2 (E.D. Mich. July 12, 2023) ("[N]either the Federal Rules of Civil Procedure nor the Michigan Court [R]ules allow for service on a limited liability company via registered mail in the first instance."); *Cin. Ins. Co. v. Omega Elec. & Sign Co.*, 652

3

F. Supp. 3d 879, 883 (E.D. Mich. 2023) ("Certified mail is not sufficient service of process on ... an LLC under the Federal Rules of Civil Procedure or the Michigan Court Rules.")); *see also Temple v. Sector 7 LLC*, 730 F.Supp.3d 681, 683 (E.D. Mich. 2024) (Where the record did not indicate that the plaintiff personally served the defendant LLC with the summons and complaint, service of process was insufficient under Michigan and federal law).

Here, Plaintiff's proof of service only indicates that it served Detroit Herbal via certified or registered mail.  There is no evidence in the record that Detroit Herbal was personally served with the summons and complaint.  Accordingly, service of process was insufficient under Michigan and federal law.  Where a court determines that service of process is improper, it must set aside the entry of default, *O.J. Distributing*, 340 F.3d at 353, and may do so sua sponte for good cause.  *Broadcast Music, Inc.*, at *2 (citing Fed. R. Civ. P. 55(c); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008) (district court had authority to set aside default sua sponte for good cause)). Entry of default and default judgment must be set aside, without regard to the three *United Coin Meter*[1] good-cause factors, where service of process was

---

[1] *See United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.3d 839, 845 (6th Cir. 1983) (Those factors include "(1) [w]hether the plaintiff will be prejudiced; (2) [w]hether the defendant has a meritorious defense; and (3)[w]hether culpable conduct of the defendant led to the default.").

improper.  *Soloway v. Huntington Nat'l Bank*, 2013 WL 12122008, at *3 (W.D.

Mich. June 5, 2013) (citing *O.J. Distrib*., 340 F.3d at 355 (holding that, because the

defendant established that service of process on the defendant was not proper,

"we need not weigh the three factors a court considers when setting aside an

entry of default[.]")).  Here, the court finds that insufficient service of process is

good cause for setting aside the default.

Because the predicate entry of default will be set aside, Plaintiff's motion

for a default judgment must be denied without prejudice.  Because service was

not timely effected and the time for service has expired, Plaintiff must now show

cause why the case should not be dismissed.  *See* Fed. R. Civ. P. 4(m).  If a plaintiff

demonstrates good cause for the failure to timely serve process, the court must

extend the time for service.  *Id*.; *United States v. Oakland Physicians Med. Ctr*.,

LLC, 44 F.4th 565, 568 (6th Cir. 2022).  But absent a finding of good cause, the

court retains discretion as to whether or not to enlarge that timeframe.

*Henderson v. United States*, 517 U.S. 654, 662 (1996); *see also Oakland Physicians*

*Med. Ctr., LLC*, 44 F.4th 565, 568 (explaining the discretionary factors); *Johnson v.*

*Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (explaining the good cause standard).

### III.    CONCLUSION

For the reasons set out above, the court **DENIES** the Motion for Default

Judgment without prejudice (ECF No. 33), **SETS ASIDE** the Clerk's Entry of Default

against Defendant Detroit Herbal (ECF No. 30), and **ORDERS** that Plaintiff show

cause why the complaint against Detroit Herbal should not be dismissed under

Federal Rule of Civil Procedure 4(m) within 14 days of entry of this order.

**SO ORDERED**.

Date: April 14, 2025                          s/F. Kay Behm
                                             F. Kay Behm
                                             United States District Judge

6